JOHN REDFORD, RESPONDENT, v. MARY E. SNOW, APPELLANT.

*Action in a Justice's Court — no adjournment can be had on the application of the plaintiff except at the first return of the summons or when a commission is issued upon his application — Code of Civil Procedure, secs. 2960, 2983 — to make a transcript of a record of a bill of sale, recorded in a collector's office, admissible in evidence, the certificate must state that the copy has been compared, by the person making the certificate, with the original, and that it is a correct transcript therefrom and of the whole of the original — Code of Civil Procedure, secs. 945, 957.*

APPEAL from a judgment of the County Court of Oswego county, affirming a judgment in favor of the plaintiff, rendered in a Justice's Court.

This action was commenced in a Justice's Court by a personal service of a summons on the defendant. On the return day the parties appeared at the time named in the summons, joined issue and announced themselves ready for trial. The court, under the objection of both parties, held the case open until 7.30 P. M. of the same day. At that time the case was adjourned on the application of the plaintiff, eight days and until May 13, 1886. On May thirteenth it was again adjourned by consent of parties until July 5, 1886. On July third the parties appeared before the justice, and the cause was further adjourned by consent to July ninth, at 9 o'clock A. M. On July ninth the parties appeared, the defendant duly made an application for a commission to examine a witness residing out of the State, and presented interrogatories for settlement. The plaintiff thereupon asked for time to prepare cross-interrogatories. The defendant objected to any further adjournment. Notwithstanding such objection, on the plaintiff's application, the court adjourned the case until July thirteenth, when the defendant did not appear.

The court at General Term said: "This adjournment was unauthorized. Ordinarily no adjournment can be had on the application of the plaintiff except at the time of the return of the summons, and then not to exceed eight days. (Code Civil Pro., § 2960.) When, however, a commission is granted upon the application of the plaintiff, he is entitled to further adjournment, if necessary, to procure the execution and return of the commission. (Code Civil Pro., § 2983.) In this case the application was by the defendant. No. commission was issued. The justice had no right to grant the plaintiff's application for an adjournment. The adjournment being irregular, the case as between the parties was out of court. It was error for the justice to afterwards proceed and render a judgment against the defendant. (*Kimball* v. *Mack*, 10 Wend., 497.) The stipulation that the commission to be issued in the case of *Post* v. *Snow* might be read in this and the other cases to which the defendant was a party did not waive the irregularity of the adjournment.

"On the trial the justice received in evidence what purported to be a certified copy of a bill of sale of the steam tug Alanson Sumner, from Henry J. Daggett to the defendant, and of the enrollment of such tug in the custom-house at Oswego. They were certified by a deputy collector. By section 945 of the Code of Civil Procedure, the duly certified transcript of the record of such a bill of sale is made evidence. To make such transcript evidence it must, however, be certified by the collector in the form provided by section 957 of the Code of Civil Procedure. The certificate must state that the copy has been compared, by the person making the certificate, with the original, and that it is a correct transcript therefrom and of the whole of the original. (Code of Civil Pro., § 957.) The certificate to neither of these papers complied with the requirements of that section. They were both insufficient to justify the admission of the papers in evidence."

*L. C. Rowe*, for the appellant.

*B. B. Burt*, for the respondent.

Opinion by MARTIN, J., HARDIN, P. J., and FOLLETT, J., concurred.

Judgment of the County Court and of the Justice's Court reversed, with costs.